**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eduardo VILLELA–RODRIGUEZ,**
**Defendant–Appellant.**

No. 00–50696.
D.C. No. CR–99–03246–JSR.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Eduardo Villela–Rodriguez appeals the 57–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we dismiss.

█ Villela–Rodriguez pleaded guilty pursuant to a plea agreement containing a waiver of the right to appeal unless the court imposed a sentence based on a total offense level greater than 30. Because the court sentenced Villela–Rodriguez to 57–months imprisonment based on a total offense level less than 30, the waiver of the right to appeal is enforceable unless otherwise unconstitutional. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) (recognizing exception to waiver of right to appeal where sentence imposed is in excess of statutory maximum penalty).

Villela–Rodriguez now contends that the statutory scheme under which he was convicted, 21 U.S.C. §§ 952 and 960, is facially unconstitutional after *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that the district court erred by finding, without proof beyond a reasonable doubt, that Villela–Rodriguez knew that the vehicle he was driving contained 42.31 kilograms of cocaine.

█ These contentions are foreclosed by our recent decisions in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–1110 (9th Cir.2002) (concluding that § 960 is not

facially unconstitutional), and *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (rejecting appellant's argument that the government was required to prove that he knew the type and amount of the imported controlled substance); accordingly, Villela–Rodriguez's sentence is constitutional and his waiver of the right to appeal is enforceable. This Court, therefore, lacks jurisdiction to review his claims on appeal. *See Baramdyka*, 95 F.3d at 844 (concluding that valid waiver precludes any direct appeal of conviction or sentence)

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.